Keaton *vs.* State of Georgia.

No. 37.—JAMES J. KEATON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] Where the Court charges the Jury, that it is *"not a little surprised that there should be an attempt made to acquit the defendant,"* who was indicted for an assault and battery, but also instructed them, at the same time, it was their duty to find according to the evidence, and to acquit or convict the defendant, as the evidence might or not bring him within the definition of the offence: *Held*, that although the first part of the charge of the Court was clearly objectionable, yet, taking the whole of the charge together, there was not such error in law as would authorize a reversal of the judgment and the granting of a new trial.

Assault and battery. Tried in Baker Superior Court, before Judge WARREN, June Term, 1849.

James J. Keaton was indicted for an assault and battery upon one Andrew Odum. The evidence showed that Odum, meeting Keaton, who was drinking, was accosted thus: " I understand you have been talking about me." Odum replied, that " he had said that those engaged in the difficulty with Butler had done wrong." Whereupon Keaton cursed him and rubbed his fist lightly in Odum's face twice, knocking or jostling off his hat.

In his charge to the Jury, the presiding Judge remarked, " I am not a little surprised, gentlemen of the Jury, that there should be an attempt made to acquit this defendant under the evidence, but it is nevertheless your duty to find according to the evidence." The Court farther proceeded to define the offence of an assault and battery to the Jury, and instructed them to acquit or convict according to the evidence.

To this charge defendant excepted and alleges the same to be error.

R. F. LYON, for plaintiff in error.

PERKINS, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The error assigned upon the record in this case, is to the charge of the Court to the Jury. After the cause was argued by the counsel to the Jury, the Court proceeded to charge them as follows: " I am not a little surprised, gentlemen of the Jury, that there should be an attempt made to acquit this defendant, but it is nevertheless your duty to find according to the evidence; and then proceeded to define the offence of assault and battery, and instructed the Jury to acquit or convict as the evidence might bring the defendant within the definition." Taking the whole charge of the Court together, we cannot say there is error in law, which would authorize a reversal of the judgment. The Court defined the offence for which the defendant was indicted, and left the Jury to say, from the evidence, whether he was guilty or not guilty. That part of the charge of the Court, in which its surprise that there should be an attempt made to acquit the defendant is expressed, is certainly objectionable, and cannot receive the approbation and sanction of this Court. By the 8th section of the 3d article of the Constitution of this State, it is declared, " No person shall be debarred from advocating or defending his cause before *any Court or tribunal,* either by himself or counsel, or both." *Prince,* 911. The defendant's counsel, in attempting to acquit the defendant before the Court and Jury, was only exercising a *constitutional privilege,* and in that view of the question further comment is unnecessary.

Let the judgment of the Court below be affirmed.